# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CLYDE WHITTENBARGER,** | : | No. 3:04cv519 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **KENNETH KYLER, ET AL.,** | : | |
| Respondents | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM and ORDER**

Before the court for disposition is a filing by Clyde Whittenbarger ("petitioner"), which is labeled "Motion to Appeal Memorandum and Order Dated May 16, 2005." We have construed this filing as a motion for reconsideration of this court's order of May 13, 2005 denying petitioner's motion to reopen.[1] For the following reasons, the motion will be denied.

**Background**

On March 10, 2004, petitioner filed a petition for writ of habeas corpus regarding his state court conviction of criminal homicide for which he received a life sentence. We dismissed the petition as untimely. (Doc. 10, Memorandum and Order dated June 30, 2004). Petitioner appealed to the Third Circuit Court of Appeals. The Third Circuit construed his appeal as a request for a certificate of appealability under 28 U.S.C. § 2253 (c)(1). The Third Circuit denied the request finding that "jurists of reason would not debate the correctness" of our decision to dismiss the petition. (Doc. 16, Order of the Third Circuit Court of Appeals dated March 15, 2005).

---

[1] Petitioner's motion refers to an order of this court dated May 16, 2005. We issued no order with that date. It is apparent from the body of the motion, however, that petitioner is addressing the order dated May 13, 2005.

On May 12, 2005, petition filed a "Motion To Reopen Case and Review Judgment." (Doc. 17). We denied this motion on May 13, 2005. (Doc. 19).

In his May 12, 2005 motion, petition sought to have the case reopened pursuant to Rule 60(b)(3) of the Federal Rules of Civil Procedure, which provides: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for. . . fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party. . .." FED. R. CIV. P. 60(b)(3). We denied the motion as we found that petitioner had not asserted the type of fraud, misrepresentation and misconduct necessary to justify reopening under Rule 60(b). Nothing petitioner argued in his motion to reopen justified reopening the case, especially in light of the fact that the Third Circuit had denied a certificate of appealability. (Doc. 18, Memorandum and Order of May 13, 2005). Petitioner now moves for us to reconsider our memorandum and order denying his motion to open.

**Standard of review**

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 799 F.2d 906, 909 (3d Cir.1985); Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). The movant must demonstrate one of three grounds in order for such a motion to be granted: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or to prevent manifest injustice. Max's Seafood Cafe, 176 F.3d at 677. A motion for reconsideration is not a proper vehicle to merely attempt to convince the court to rethink a decision it has already made. Glendon Energy Co. v. Borough of Glendon, 836 F. Supp.1109, 1122 (E.D. Pa. 1993).

**Discussion**

As set forth above, Rule 60(b) allows for reopening a final judgment, order, or proceeding for fraud, misrepresentation, or other misconduct of an adverse party. In his motion, petitioner discusses various allegedly misleading findings by the trial court regarding his criminal conviction. Apparently, petitioner's position is that based upon these allegedly misleading findings, we should have granted the motion to reopen. He also claims that his state court counsel was ineffective.[2] These matters, however, do not have any effect with regard to our dismissal of his petition for a writ of habeas corpus. His petition was dismissed for failure to meet the statute of limitations. (Doc. 10, Memorandum and Order dated June 30, 2004). The Third Circuit Court of Appeals affirmed on the same basis. (Doc. 18, Memorandum and Order of May 13, 2005). Whether the trial court made misleading findings or if his trial counsel was ineffective has no bearing on our decision. Petitioner has provided us with no basis upon which to reconsider our order of May 13, 2005. He is merely re-arguing the same types of issues he raised in his motion to reopen. The motion for reconsideration will, therefore, be denied.

**AND NOW**, to wit, this 20th day of July 2005, the "Motion To Appeal Memorandum and Order Dated May 16, 2005" (Doc. 19) is hereby **DENIED**.

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**

---

[2]In paragraph 1A of his motion, petitioner appears to state that we agreed with him that he timely appealed to the Supreme Court of Pennsylvania. It is not apparent from his motion which appeal to the Supreme Court the petitioner is referencing. Regardless, we have never made such a determination. In fact, in our June 30, 2004 opinion we found that he had not properly filed an appeal with the Supreme Court of Pennsylvania regarding his Post Conviction Relief Act claims. (See Doc. 10 at 4 - 5).

3